MOORE, Judge,
dissenting.
I respectfully dissent. In the interest of expediting the majority’s decision and avoiding rendering it moot in these consolidated cases, I will refrain from a lengthy discussion. Suffice to say, the decision reached by the majority establishes a procedure which is not contained in the statutes or rules of procedure.
Fla.R.Crim.P. 3.691(a) requires a person adjudicated guilty of a felony to establish that his appeal is taken in good faith, on grounds fairly debatable, and not frivolous before post-trial release may be sought. The majority would apparently apply these same standards to a motion for a new trial pending after adjudication of guilt.
Fla.R.Crim.P. 3.550 and 3.590(d) deal with persons found guilty but prior to adjudication of guilt. Rule 3.691 is concerned with persons who have been adjudicated guilty and requires the filing of a notice of appeal prior to being eligible for post-trial release. Fla.R.App.P. 9.140(e)(1) allows the lower court to entertain a motion for post-trial release before or after the notice of appeal is filed; however, a defendant may not be released from custody until the notice is filed. As noted in the “committee notes” to Rule 9.140(e)(4), our jurisdiction to review trial court orders on post-trial release of adjudicated defendants is not vested until the filing of a notice of appeal. By entertaining the instant petitions for habeas corpus, the majority is allowing these petitioners to circumvent that provision.
In my opinion, the “Author’s Comment” to Fla.R.Crim.P. 3.590 as contained in Florida Statutes Annotated is aptly put. The adjudicated defendant should determine, as a matter of strategy, whether to seek quick disposition of his motion for new trial in order to remain free on bail. Otherwise, he must accept the fact that he was adjudicated guilty and is not eligible for post-trial release until his notice of appeal is filed. In fact, this is precisely the reason Section (b) of the Rule provides for dictating the motion into the record and obtaining a ruling immediately upon a finding of guilt.